UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION


JARED ANDREWS,                                                                    Plaintiff,

v.                                                           Civil Action No. 3:18-cv-P606-DJH

SCOTT JORDAN,                                                                     Defendant.

* * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jared Andrews filed the instant *pro se* 42 U.S.C. § 1983 action proceeding

*in forma pauperis*.  Plaintiff filed an original complaint naming as Defendants Scott Jordan, the

Warden of Luther Luckett Correctional Complex (LLCC), and John Does 1 and 2.  The

complaint was not filed on the Court's approved § 1983 complaint form.  By prior Order

(DN 10), the Court directed Plaintiff to file an amended complaint on the Court-approved § 1983

complaint form.  The Court directed Plaintiff to "include all claims he wishes to assert, state all

facts relevant to his claims, and name as Defendants all individuals whom he believes violated

his rights[]" and informed him that the amended complaint would supersede the original

complaint.

Plaintiff's amended complaint names only Defendant Jordan in the portion of the

complaint form where Defendants are to be listed.  Therefore, the Court construes Defendant

Jordan as the only Defendant in this case.  **IT IS ORDERED** that John Does 1 and 2 are

**DISMISSED** as parties to this case.

The amended complaint is now before the Court for initial screening pursuant to

28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss the action upon

screening.

# I.

Plaintiff, a convicted inmate now housed in the Northpoint Training Center, sues Defendant Jordan in his individual and official capacities. Plaintiff states that while housed at the LLCC he was taking a shower. He states, "During the course of my shower two correctional officers were videotaping me. They were making fun of my genital area and made me feel uncomfortable." He maintains that he reported the incident and went through the grievance process. He asserts, "To the present day nothing has been done about the situation and the commissioner with the Dept. of Corrections stated they videotaped me in the shower. I have been having low self esteem and in which has messed with my mind."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

# II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

The Court construes the amended complaint as alleging a § 1983 claim for violation of Plaintiff's Fourth Amendment right to privacy against Defendant Jordan in his official and individual capacity.

## A. Official-capacity claim

With regard to Plaintiff's official-capacity claim against Defendant Jordan, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendant Jordan is a state employee or official. A claim brought against a state employee in his official capacity is deemed a claim against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. A state official sued in his official capacity for monetary damages is not a "person[]" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to a claim for monetary damages against a state employee or officer sued in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claim against Defendant Jordan for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

Plaintiff also seeks injunctive relief in the form of "remand from their job[,]" which the Court construes as seeking a reprimand or termination of unnamed employees. The Court, however, does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to

initiate any disciplinary proceedings against its employees."); *Leek v. Thomas*, No. 09-3036-SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action."). Therefore, Plaintiff's official-capacity claim against Defendant Jordan for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claim

Plaintiff also sues Defendant Jordan in his individual capacity. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must allege how Defendant is accountable because he was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The complaint fails to state how Defendant Jordan was personally involved in the events giving rise to the claims and therefore fails to state a claim against him.

Moreover, to the extent that Plaintiff sues Defendant Jordan based on his supervisory role as Warden of LLCC, the claim must still be dismissed. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto employers or supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Accordingly, Plaintiff's individual-capacity claim against Defendant Jordan will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date:     April 10, 2019

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendant Jordan
4415.010